CONNORS v. GROSS.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

1. MASTER AND SERVANT (§ 250¾, New, vol. 16 Key-No. Series)—ACTIONS FOR INJURIES—NOTICE OF INJURY—DELAY.

An action could not be maintained under the Employers' Liability Act (Consol. Laws 1909, c. 31, §§ 200–204), where the notice was served long after the expiration of the statutory period, without proving an excuse for the delay.

2. MASTER AND SERVANT (§ 278*)—ACTIONS FOR INJURIES—SUFFICIENCY.

In an employé's action for injuries sustained by slipping on a piece of ice, evidence that some one left a piece of ice on the floor, without pointing out any specific duty of the employer in this respect, would not support a judgment for the employé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Jennie Connors against Solomon Gross, conducting business as Sol Gross & Co. From a judgment for plaintiff, after a trial by the court without a jury, defendant appeals. Reversed, and new trial granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Robert H. Woody, of New York City (Everett F. Warrington, of Brooklyn, of counsel), for appellant.

Joseph Gallagher, of New York City, for respondent.

BIJUR, J. Plaintiff sued for personal injuries sustained as follows: She was in the employ of defendant as a cleaner, and while working on defendant's premises, a loft building, slipped on a piece of ice, which was one of several pieces scattered near the entrance to the elevator in defendant's loft.

[1] The action was brought, and submitted to the court, on the theory that it was covered by the Employers' Liability Act. The notice, however, was served long after the expiration of the statutory period, and there was no sufficient proof excusing the delay.

[2] Apart from that error, also, I am at a loss to find, in the record, proof of negligence on the part of the defendant. All that appears is that some one left a piece of ice on the floor. Respondent points to no specific duty of the master in this respect which has not been performed.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.